UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIWANN MATHIS, and
MARKETA MATHIS

      Plaintiff,

v.                                                              Case No.: 8: 25-cv-03334-SDM-NHA

FREIRE SCHOOLS, et al,

      Defendants.

_____/

## ORDER

Plaintiffs Diwan Mathis and Marketa Mathis, proceeding pro se, request that the Court appoint counsel to represent their children, D.M. and D.M. Doc. 5. I deny the motion without prejudice.

### I.  Background

Plaintiffs' second amended complaint (the operative pleading) brings seventeen claims against Defendant Freire Schools, a Delaware charter school, several of its employees, and the attorneys who defended it in prior lawsuits Plaintiffs brought against them. Doc. 16. Plaintiffs allege that Defendants engaged in a conspiracy against them and their children, beginning when the school temporarily refused to provide remote-learning services to Plaintiffs' children upon the family's relocation from Delaware to Florida, after which the school allegedly "falsified educational records . . . transmitted those falsified

records across state lines to Florida, and enlisted legal counsel to obstruct Plaintiffs' pursuit of accountability. *Id.* ¶ 5. Plaintiffs bring claims for wire fraud, RICO conspiracy, obstruction of justice, witness tampering, denial of a free public education, fraud, intentional infliction of emotional distress, negligence, and violations of the Americans with Disabilities Act and the Fourteenth Amendment. *Id.*, pp. 41-60.

Plaintiffs also bring a Section 1983 claim against Freire Schools and its employees for violations of the McKinney-Vento Homeless Assistance Act. *Id.* p. 45. Plaintiffs allege that the alleged McKinney-Vento violation – which they say occurred when the Delaware charter school initially refused to provide remote learning services for their children in Florida – is the initial violation that Defendants' "RICO enterprise" was developed to conceal and perpetuate. *Id.* ¶¶ 5-7.

In their second amended complaint, Plaintiffs incorrectly assert that an order of the United States District Court for the District of Delaware "confirmed," "established," or "found" that Defendants violated the McKinney-Vento Act. *See id.* ¶¶ 1, 2, 3, 4, 14, 17, 64, 65, 225, 227. However, that court issued a thorough order granting Freire Charter School's motion to dismiss Plaintiff's McKinney-Vento Act claim (and an IIED claim) for failure to state a claim. *See Mathis v. Freire Charter Sch.*, No. CV 25-805-CFC, 2025 WL 3705897 (D. Del. Dec. 22, 2025). The court held that "Plaintiffs cannot state a

cognizable claim under the Act" against Freire Charter Schools, because "[t]o the extent any state owed their children obligations under the Act at that time, it was Florida, not Delaware." *Id.* at *5. Plaintiffs renew both dismissed claims in this case and add numerous related claims and defendants.

After initially moving to proceed without paying the filing fee (Docs. 2, 3), Plaintiffs paid the fee and filed a second amended complaint (Doc. 16). Still pending was their motion for appointment of counsel on behalf of their children. Doc. 5. The motion correctly notes that Eleventh Circuit precedent precludes Plaintiffs, as pro se litigants, from representing their children in court, and argues that Plaintiffs' children are entitled to appointed counsel because the children are indigent, they have independent claims, and this case presents complex legal and factual issues. Doc. 5 ¶¶ 1, 5, 7, 10.

## II.    Discussion

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances. *Id.* The Eleventh Circuit has emphasized that, because appointed counsel would always be helpful to pro se litigants, the appointment of counsel in civil cases is more appropriate for "unusual" cases. *See id.* ("The plaintiffs, like any other litigants, undoubtedly would have been

3

helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel.")

The totality of the circumstances weighs against appointing counsel for Plaintiffs' children at this time. Although the children are named Plaintiffs, none of the nineteen claims are brought solely on behalf of the children. Plaintiffs themselves also prosecute each claim.[1]

Given the Court's responsibility to exercise discretion in obligating public funds, and the viability concerns presented both by the face of the complaint and the Delaware Court's prior order, it appears unwise to appoint counsel for Plaintiffs' children at this time. Should Plaintiffs succeed in prosecuting their claims to a more advanced stage in the case, Plaintiffs may revisit the joinder of their children and the appointment of counsel on their behalf.

---

[1] Although Plaintiffs present a lengthy complaint, spanning sixty-five pages and naming a variety of defendants, the causes of action appear to stem only from the events surrounding the transfer of Plaintiffs' children to a new school. That is, the case is not unusually complex. Plaintiffs appear "capable of adequately presenting" claims, given that they have now litigated multiple lawsuits without counsel in other forums. Plaintiffs also appear able to adequately investigate the case, as indicated from the lengthy and detailed facts section of their second amended complaint. Nor is there yet any need for counsel to sharpen the issues for trial.

Of course, nothing prevents Plaintiffs from seeking contingency counsel or pro bono counsel from organizations, such as Bay Area Legal Services, that are sometimes able to offer free assistance to certain litigants.

For these reasons, Plaintiffs' motion (Doc. 5) is denied without prejudice.

DONE and ORDERED on February 5, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge