UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIWANN MATHIS et al,

    Plaintiffs,

v.

                                               CASE NO. 8:25-cv-03334-SDM-NHA

FREIRE SCHOOLS COLLABORATIVE
et al,

    Defendants,

_____/

**ORDER**

On December 22, 2025, the United States District Court for the District of Delaware dismissed with prejudice the claims of *pro se* plaintiffs DiWann and Marketa Mathis against Freire Charter School. [1] (Doc. 57-1) The complaint in the Delaware action alleged violations of the McKinney-Vento Act (MVA), deprivation of a constitutional right, and intentional infliction of emotional distress, each claim arising from the school's inability to provide remote instruction to the plaintiffs' children after the plaintiffs moved from Delaware to Florida.

In this action, the same plaintiffs (along with their unnamed minor children) sue (Doc. 53) (1) Freire Schools Collaborative (Freire Collaborative), the

---

[1] Before dismissal of the Delaware action, the plaintiffs filed a second action in the Eastern District of Pennsylvania, which transferred the second action to Delaware because "this case is duplicative of the action Plaintiffs filed in Delaware in July." (Doc. 57-6 n. 1)

organization overseeing Freire Charter School; (2) Kelly Davenport and Leigh Botwinik, officers of Freire Collaborative; and (3) Kristen Swift, counsel for Freire Charter School in the Delaware action. Reasserting the claims premised on the non-furnishment of remote instruction, the plaintiffs add claims for fraudulent misrepresentation, civil conspiracy, and abuse of process. The defendants move (Doc. 57) to dismiss for failure to state a claim, for want of personal jurisdiction over Swift, and under *res judicata* and collateral estoppel.

The Mathis children attended Freire Charter School in Wilmington, Delaware from August 27, 2024, until the plaintiffs' March 7, 2025 departure to Florida, where the plaintiffs resided in hotels and "extended stay accommodations" until settling into a permanent home on May 1, 2025. (Doc. 53 at 63 and ¶¶ 16, 19) Four days before the departure, Mathis requested that the school provide remote instruction and threatened suit under 42 U.S.C. § 1983 if the school refused. The school denied the request on March 17, 2025:

> Hi,
>
> Thank you for reaching out. . . . [Y]ou must register your students in the state and local district where they reside. If students reside out of state they are beyond our jurisdiction. If you were to return to Delaware we would happily welcome them back into our building.
>
> There may be a virtual option in Florida in the city or town where you can enroll them, and I am happy to meet with you to share any information that we have.
>
> We are sad to see them go and wish you and them the best. If we can be of any assistance in the transition process our team is happy to help as best we can.

(Doc. 53 at 61 and ¶¶ 21–22)

After the plaintiffs' relocation, the school marked the Mathis children "Absen[t] Unexcused" in the "Student Attendance Report" through the end of the school year on May 23, 2025. (Doc. 53 at 76–80) On March 19, 2025, after at least two earlier notifications, the school sent Mathis a letter stating that the children had accrued eighteen unexcused absences and that, under Delaware law, the school had referred the matter for prosecution; the letter cautioned that upon the twentieth day of absence "the school reserves the right to determine the student's status and deny course credit." (Doc. 53 at 84) On March 27, 2025, the school emailed Mathis that, as of March 26, 2025, the children had accumulated twenty unexcused absences and risked late graduation or non-promotion, and the school urged Mathis to schedule a meeting "to review your student's promotion status and enrollment." (Doc. 53 at 87)

On March 3, 2025, Mathis sent the school a demand letter asserting that the children were entitled to remote instruction under the MVA based on the plaintiffs' purported status as homeless persons under the statute. A lawyer for the school responded on April 8, 2025:

> We represent Freire Charter Schools Wilmington ("Freire") and write in response to your demand for remote education for [the children] while you are located in Florida. I understand you have asserted that you and your children are experiencing homelessness, and thus, under the McKinney-Vento Act, you are seeking the continuation of their education at Freire through remote means. Unfortunately, Freire is not able to provide such remote education, nor is it required to.

- 3 -

> Under the McKinney-Vento Act, students experiencing home-lessness are allowed to remain in the school they were attending when they were last permanently housed, or any public school that non-homeless students who live in the attendance area where the children are currently staying are eligible to attend. The key determination is what school is in the best interest of each child. Here, where Freire does not offer remote education and transporting the children hundreds of miles to attend school in Delaware is not realistic, the best option for your children will be to attend school in the area where they are currently located. Information about Florida's compliance with the McKinney-Vento Act can be found here: https://www.fldoe.org/policy/federal-edu-prgrams-title-ix-mvp/, including the names of individuals who may be able to assist you in determining the appropriate Florida school for your children. Once that school is determined, Freire will be happy to participate in a best interest meeting with it to assist in the transition of the children's school records to their new school. Obviously everyone's goal is for [the children] to continue their education with as little disruption as possible.

On May 15, 2025, after additional correspondence, an officer of the school sent Mathis a letter offering the children independent work for the remainder of the school year:

> As you have confirmed that you and your children . . . are no longer residing within the State of Delaware, Freire Charter School Wilmington is offering a plan to enable [the children] to complete work independently for the duration of the 24-25 school year. Freire Wilmington is not obligated to provide such an option; however, we would like to help the children progress to the next grade as they transfer to a school in Florida, where you now reside.

> Attached are independent projects (also referred to as "Packets") for [the children].

> A few of the independent projects require a book. If you would like the School to purchase the books for you, please send us the address where you would like the books mailed. We will use Amazon to have them shipped so that they arrive as quickly as possible.

- 4 -

> All work is due June 12th and may be submitted via email to Leigh Botwinik . . . If [the children] have any questions about the work or need support, or if any of the links included in the Packets are not working, please reach out to Leigh as well.
>
> This plan is only available for the duration of the 24-25 school year. Please submit a <u>Withdrawal form</u> for each child, noting 6/24/25 as the effective withdrawal date.
>
> If all assignments are successfully completed by the June 12th deadline, we will assign a P (Pass) for all year-end grades.
>
> **Please submit <u>a withdrawal form</u> for each child to confirm that you are in agreement with this plan.**

(Doc. 53 at 107) (emphasis in original)

The plaintiffs do not state whether they submitted the withdrawal forms or whether the children completed the independent work, but the children received passing grades on their 2024–25 transcripts. (Doc. 53 at 141) When Mathis enrolled the children in a Florida school for the 2025–26 year, an assistant principal informed him that, notwithstanding the passing grades, one or both children required remedial coursework. (Doc. 53 at 146)

On July 1, 2025, the plaintiffs sued Freire Charter School in the District of Delaware, which on December 22, 2025, dismissed with prejudice the plaintiffs' claims under the MVA and for intentional infliction of emotional distress. (Docs. 57-1 and 57-2) The plaintiffs appealed, but the Third Circuit terminated the appeal on May 28, 2026, for failure to prosecute. (Doc. 57-4) On January 30, 2026, the school moved for sanctions:

> [The school] respectfully submits this brief in support of its Motion for Sanctions against Plaintiffs for their vexatious and malicious conduct and filings in three duplicative

- 5 -

federal actions; improper contact of and threats and harassment of Freire and its Defense Counsel; efforts clearly aimed at harassment of Friere and its Defense Counsel; efforts clearly aimed at harassment and intimidating Defendants to settle this case by "papering" them with excessive and threatening emails, filing no less than five frivolous and sometimes contradictory motions, including one "emergency" motion, between October 17, 2025 and December 9, 2025 – a span of only less than two months – in the Delaware action in addition to putative serial filings in the Eastern District of Pennsylvania and Florida in a thinly veiled attempt to avoid the pending Motion to Dismiss in Delaware, and utter lack of respect for this Court and the judicial process.

(Doc. 57-7 at 5)

After amending the complaint three times — and with the sanctions motion still pending in Delaware — the plaintiffs sue, in lieu of Freire Charter School, Freire Collaborative, two of its employees (Davenport and Botwinik), and the school's Delaware counsel (Swift). The complaint (1) asserts against Freire Collaborative and Davenport the MVA, constitutional-deprivation, and emotional-distress claims dismissed in Delaware and (2) asserts against varying combinations of the defendants fraudulent misrepresentation, civil conspiracy, and abuse of process.

*Res judicata* bars a party "from relitigating a cause of action that was or could have been raised in [an earlier] action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). *Res judicata* applies when an earlier judgment "(1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of

- 6 -

action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024).

Here, the Delaware judgment satisfies each element. The District of Delaware possessed competent jurisdiction and entered a final judgment dismissing with prejudice the plaintiffs' claims after holding that "Plaintiffs cannot state a cognizable claim under the [MVA]." The Delaware judgment (1) resolves the same cause of action arising from the school's alleged obligation to furnish remote instruction and (2) binds the parties because Freire Collaborative and its officers are privies of Freire Charter School, whose interests they share and which adequately represented those interests in Delaware. *Res judicata* therefore bars the claims under the MVA and for constitutional deprivation, emotional distress, and fraudulent misrepresentation, each of which could have been raised in the Delaware action and each of which fails on the merits in any event, independent of *res judicata* or collateral estoppel. Only the abuse-of-process and civil-conspiracy claim arguably escape *res judicata*, but neither fares better: the complaint pleads no basis for personal jurisdiction over Swift and, in any event, states no cognizable claim for relief.

For these reasons, and for reasons stated by the United States District Court for the District of Delaware, the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and the defendants in their motion to dismiss, the motion (Doc. 57) is **GRANTED**, the action is **DISMISSED WITH PREJUDICE**, and the

clerk must close the case. The plaintiffs are **WARNED** that any further vexatious filing in this action may be **REPORTED** to the United States District Court for the District of Delaware for consideration in connection with the sanctions motion pending against the plaintiffs in that court and might result in a sanction in this court as well.

        **ORDERED** in Tampa, Florida, on June 23, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE